# UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

Tyrone Browner,
    Petitioner,

    vs                                  Case No. 1:05cv817
                                          (Spiegel, S.J.; Hogan, M.J.)

Jeffrey Wolfe,
    Respondent.

## REPORT AND RECOMMENDATION

      Petitioner, a prisoner in state custody at the Noble Correctional Institution in Caldwell, Ohio, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the petition, respondent's return of writ with exhibits, petitioner's "traverse" in reply to the return of writ, and the transcript of petitioner's sentencing hearing. (Docs. 1, 3, 6, 7).

### Procedural Background

      On May 22, 2003, the Hamilton County, Ohio, grand jury issued an indictment charging petitioner with two counts of felonious assault in violation of Ohio Rev. Code § 2903.11(A) and attached firearm specifications. (Doc. 3, Ex. A). Following a jury trial, petitioner was found guilty as charged on the felonious assault counts, but was acquitted on the firearm specifications (*See id.,* Ex. B). On October 1, 2003, petitioner was sentenced to consecutive terms of imprisonment of eight (8) years and six (6) years for the felonious assault offenses, or an aggregate prison term of fourteen (14) years. (*Id.*).

      With the assistance of counsel, petitioner appealed to the Ohio Court of Appeals, First Appellate District. In his appellate brief, petitioner asserted two assignments of error challenging the weight of the evidence and the imposition of consecutive sentences "when it was one assault, on one individual, at one time." (*Id.,* Ex. C). On November 17, 2004, the Ohio Court of Appeals overruled the assignments of error and affirmed the

judgment of conviction and sentence.  (*Id.,* Ex. E).

Proceeding *pro se*, petitioner next sought leave to appeal to the Ohio Supreme Court, claiming as propositions of law that (1) he was denied effective assistance of counsel essentially because his attorney on direct appeal failed to allege as an assignment of error that the sentence imposed was unconstitutional under *Blakely v. Washington,* 542 U.S. 296 (2004); and (2) the evidence was insufficient to support his felonious assault convictions.  (*Id.,* Ex. F).  On March 23, 2005, the Ohio Supreme Court denied petitioner leave to appeal and dismissed the appeal "as not involving any substantial constitutional question."  (*Id.,* Ex. G).

In the meantime, on March 8, 2005, petitioner filed a *pro se* application for reconsideration and delayed reopening of the appeal under Ohio R. App. P. 26 with the Ohio Court of Appeals, First Appellate District.  In this application, petitioner alleged again that his appellate counsel was ineffective in failing to challenge the constitutionality of his sentence under *Blakely* and state case-law interpreting and applying *Blakely* in analogous circumstances.  (*Id.,* Ex. H).

On April 15, 2005, the Ohio Court of Appeals denied petitioner's application for reconsideration and reopening because the application was not filed within the requisite time periods set forth in Ohio R. App. P. 26(A) for reconsideration applications and Ohio R. App. P. 26(B) for reopening applications.  (*Id.,* Ex. J).  In so ruling, the court determined that petitioner had not demonstrated "good cause" for his delay in filing, reasoning in pertinent part as follows:

> . . . .[With respect to the application for reopening under Ohio R. App. P. 26(B), the appellant] asserts that the filing delay was justified (1) because the law library at the correctional facility at which he was confined permitted limited access and provided inadequate resources, and (2) because he did not "discover[]" the fundament for his ineffective-appellate-counsel claim–the United States Supreme Court's decision in *Blakely* . . .–until he had begun his research for his pro se appeal to the Ohio Supreme Court. But neither limited, nor limited access to, library resources provides good cause for an untimely application to reopen. . . .  And the appellant's claim that he had belatedly discovered *Blakely* is belied by the evidentiary material offered in support of his application. . . .
>
> . . . .[With respect to the untimely application for reconsideration under

2

> Ohio R. App. P. 26(A), appellant], again, . . . has failed to demonstrate extraordinary circumstances that would warrant an enlargement of that time. See App.R. 14(B).

(*Id.*).

Petitioner appealed to the Ohio Supreme Court . (*Id.*, Ex. K). On August 10, 2005, that court dismissed the appeal "as not involving any substantial constitutional question." (*Id.,* Ex. L).

In December 2005, petitioner filed the instant federal habeas corpus petition. (Doc. 1). Petitioner alleges five grounds for relief. In Ground One, he essentially contends his trial counsel was ineffective in failing to object to the "more-than-minimum," consecutive sentences imposed on a "first-time-felony-offender." (*Id.,* attachment). In Ground Two, petitioner alleges that his sentence is unconstitutional under *Blakely* and *United States v. Booker,* 543 U.S. 220 (2005). (*Id.*).

In Ground Three, petitioner claims he was denied effective assistance of appellate counsel based on counsel's failure "to support [the] second assignment of error" by citation to the proper state statute and case-law, as well as his failure to challenge petitioner's sentence "as disproportionate under the Fourteenth Amendment's Equal Protection Clause" and as unconstitutional under *Blakely*. (*Id.*). In Ground Four, petitioner asserts that the Ohio Court of Appeals deprived him of his "right to present claims fairly in the State's appellate process" when it denied his application for reconsideration and reopening. (*Id.*). Finally, in Ground Five, petitioner alleges that the Ohio Supreme Court deprived him of his constitutional "rights to present his claims fairly in the State's appellate process" when it dismissed his appeals "without any consideration of the merits." (*Id.*).

In the return of writ, respondent concedes that the petition "appears to be timely filed." (Doc. 3, Brief, p. 8). Respondent contends that petitioner has waived his second and third grounds for relief due to his procedural defaults in the state courts, and that petitioner has not alleged cognizable claims in his fourth and fifth grounds for relief. (*Id.,* pp. 9-13, 17-18). Respondent, alternatively, argues that the *Blakely* claim alleged in Ground Two of the petition "is entirely lacking in merit." (*Id.,* pp. 15-17). Finally, respondent contends that petitioner's first ground for relief, which is based on error under state law, is not cognizable in this federal habeas proceeding, and, in any event, lacks merit. (*Id.,* pp. 13-14).

**OPINION**

**A. Petitioner Has Waived The *Blakely* Claim Alleged In Ground Two, And Has Not Shown As Alleged In Ground Three That His Appellate Counsel's Ineffectiveness Constitutes "Cause" For His Default In The State Courts**

In Ground Two of the petition, petitioner claims his sentence is unconstitutional in light of the Supreme Court's June 24, 2004 decision in *Blakely*.[1] (Doc. 1, attachment). In Ground Three of the petition, petitioner alleges in part that his appellate counsel was ineffective because he failed to assert as an assignment of error on direct appeal that petitioner's sentence was unconstitutional under *Blakely*. (*Id.*). Respondent contends petitioner has waived both of these claims, because petitioner did not present a *Blakely* claim on direct appeal from his conviction and sentence and because he failed to file a timely reopening application in the state courts to challenge his appellate counsel's conduct.

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action. *See* 28 U.S.C. § 2254(b)(1), (c)*; see also Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848 (1999); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir.), *cert. denied,* 474 U.S. 831 (1985).

If petitioner fails to fairly present his claims through the requisite levels of appellate review to the state's highest court, or commits some other procedural default

---

[1] Petitioner also alleges in Ground Two that his sentence is unconstitutional under the Supreme Court's 2005 *Booker* decision, which came out after petitioner's conviction and sentence were affirmed on direct appeal by the Ohio Court of Appeals but before the Ohio Supreme Court issued its final ruling dismissing petitioner's appeal on further discretionary review. (Doc. 1, attachment). Petitioner never raised a *Booker* claim in the state courts, nor has he ever argued that his appellate counsel was ineffective in failing to present such a claim to the state courts. Therefore, as discussed *infra* pp. 4-7, this Court is barred from reviewing the procedurally-defaulted claim absent any showing of "cause" for the procedural default or that a "fundamental miscarriage of justice" will occur if such claim is not considered herein.

4

relied on to preclude review of the merits of the claims by the state's highest court, and if no avenue of relief remains open or if it would otherwise be futile for petitioner to continue to pursue his claims in the state courts, his claims for habeas corpus relief are subject to dismissal with prejudice on the ground that they are waived. *See O'Sullivan,* 526 U.S. at 847-848; *Harris v. Reed,* 489 U.S. 255, 260-62 (1989); *McBee v. Grant,* 763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989).

If, because of a procedural default, petitioner has not had his claims considered by the state's highest court and he can no longer present his claims to the state courts, he has waived the claims for purposes of federal habeas corpus review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional errors, or that failure to consider the claims will result in a "fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *see also Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

In this case, as respondent has pointed out (*see* Doc. 3, Brief, pp. 9-11), petitioner committed a procedural default with respect to the record-based *Blakely* claim alleged in Ground Two of the petition, because he did not present it to the state appellate courts as an independent claim of error on direct review of his conviction and sentence. (*See id.,* Exs. C, F).[2] Because petitioner thus failed to provide the state courts with the opportunity to correct the alleged error, he has waived the claim absent a showing of cause for his default and actual prejudice as a result of the alleged error, or that failure to consider the claim will result in a "fundamental miscarriage of justice." *See Coleman,* 501 U.S. at 750; *see also Murray,* 477 U.S. at 485; *Isaac,* 456 U.S. at 129; *Sykes,* 433 U.S. at 87.

Petitioner has neither argued nor otherwise shown that a "fundamental miscarriage of justice" will occur if his *Blakely* claim is not considered on the merits herein, or in other words, that the alleged constitutional violation "probably resulted in the conviction of one who is actually innocent" of the felonious assault offenses. *See Murray,* 477 U.S. at 495-96; *see also Schlup v. Delo,* 513 U.S. 298, 327 (1995); *cf. Souter v. Jones,* 395 F.3d 577, 597-602 (6th Cir. 2005).

---

[2]On direct appeal to the Ohio Court of Appeals, petitioner challenged his sentence only on the ground that the trial court erred in imposing consecutive sentences for a crime involving "one assault, on one individual." (*See* Doc. 3, Ex. C). Petitioner did allege as a proposition of law on further appeal to the Ohio Supreme Court that his appellate counsel was ineffective in failing to raise a *Blakely* claim on direct appeal. (*See id.*, Ex. F). As discussed *infra* pp. 6-10, although appellate counsel's ineffectiveness may constitute "cause" for a procedural default in the petitioner's appeal as of right to the Ohio Court of Appeals, petitioner has not demonstrated that counsel's "error" amounted to ineffective assistance in this case.

Petitioner has argued both to the state courts and in Ground Three of the instant petition that his appellate counsel was constitutionally ineffective in failing to assert a *Blakely* claim as an assignment of error on direct appeal. Ineffective assistance of appellate counsel may constitute "cause" for a procedural default unless the ineffective assistance of appellate counsel claim was itself procedurally defaulted. *See Murray,* 477 U.S. at 488; *see also Edwards v. Carpenter,* 529 U.S. 446, 452 (2000); *Burroughs v. Makowski,* 411 F.3d 665, 668 (6th Cir.) (per curiam), *cert. denied,* 126 S.Ct. 653 (2005).

Respondent contends that petitioner's ineffective assistance of appellate counsel claim is procedurally defaulted because petitioner raised it in a delayed application for reconsideration and reopening, which was rejected by the state courts as untimely-filed. (Doc. 3, Brief, pp. 11-13). However, petitioner also raised the claim as a proposition of law in his timely-filed memorandum in support of jurisdiction to the Ohio Supreme Court in the direct review proceedings. (*See id.,* Ex. F).

In *State v. Murnahan,* 584 N.E.2d 1204, 1205 (Ohio 1992), the Ohio Supreme Court stated that "[c]laims of ineffective assistance of appellate counsel may be raised in an application for reconsideration in the court of appeals *or in a direct appeal to the Supreme Court* pursuant to Section 2(B)(2)(a)(iii), Article IV of the Ohio Constitution." (Emphasis added). Since *Murnahan*, Ohio R. App. P. 26(B) was enacted, which established the procedure for bringing ineffective assistance of appellate counsel claims to the attention of the Ohio Court of Appeals by way of applications for reopening of the appeal. Despite the establishment of this procedure post-*Murnahan*, courts in Ohio have continued to suggest that ineffective assistance of appellate counsel claims may be properly raised to the Ohio Supreme Court on appeal from the Court of Appeals' direct appeal decision.[3] Therefore, the Court will assume, without deciding, that petitioner has

---

[3]Indeed, confusion about the proper avenue for pursuing relief based on an ineffective assistance of appellate counsel claim has arisen because some Ohio courts have found claims asserted in timely-filed Rule 26(B) reopening applications to be barred from review as *res judicata* because they could have been raised to the Ohio Supreme Court in the direct review proceedings. *See, e.g., State v. Krzywkowski*, No. 80392, 2003 WL 21356731, at *1 (Ohio Ct. App. 8 Dist. June 12, 2003) (unpublished) ("[T]he Supreme Court of Ohio has repeatedly ruled that even having the ability to raise the issue of ineffective assistance of appellate counsel in the supreme court may properly invoke res judicata to bar an App.R. 26(B) application.") (citing *State v. Terrell*, 648 N.E.2d 1353 (Ohio 1995); *State v. Dehler*, 652 N.E.2d 987 (Ohio 1995); *State v. Colombo*, 652 N.E.2d 987 (Ohio 1995); *State v. Hill*, 677 N.E.2d 337 (Ohio 1997); *State v. Gillard*, 708 N.E.2d 708 (Ohio 1999)), *appeal dismissed,* 797 N.E.2d 92 (Ohio 2003).

6

not procedurally defaulted his ineffective assistance of appellate counsel claim.

In order to establish such a claim, petitioner must demonstrate that his attorney on direct appeal made such serious errors that (1) he was not functioning as the "counsel" guaranteed by the Sixth Amendment; and (2) such deficient performance prejudiced the defense. *See Strickland v. Washington,* 466 U.S. 668, 687 (1984).

Under the first prong of the *Strickland* test, petitioner must show that his counsel's representation fell below an objective standard of reasonableness based on all the circumstances surrounding the case. *Id.* at 688. Judicial scrutiny of counsel's performance must be highly deferential, and a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight" and to evaluate the challenged conduct from counsel's perspective at the time of the conduct. *Id.* at 689. In determining whether or not counsel's performance was deficient, the Court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id.*

To satisfy the second "prejudice" prong of the *Strickland* test, petitioner must demonstrate that a "reasonable probability" exists that, but for his counsel's errors, the result of the direct appeal proceeding would have been different. *See id.* at 694. Petitioner has met his burden if he shows that the result of the appeal would "reasonably likely have been different absent the errors." *Id.* at 695.

The Court need not examine the question of whether counsel's performance was deficient before addressing the question of whether petitioner was prejudiced by counsel's performance. The Court may dispose of an ineffective assistance of counsel claim by finding that petitioner has made an insufficient showing on either ground. *Id.* at 697.

Here, petitioner has not demonstrated that his appellate counsel's representation was constitutionally "deficient" as required under the first prong of the *Strickland* test. In support of his claim, petitioner has submitted a letter dated August 11, 2004 from his appellate counsel apparently in response to petitioner's request to argue a *Blakely* claim on direct appeal. (Doc. 1, attachment). In that letter, counsel stated:

> *Blakely v. Washington* does <u>not</u> apply in your case. *Blakely* states that a trial court could not enhance a penalty beyond the statutory maximum based on any other factors than those which the jury found the defendant guilty. As

7

> you are aware, the jurors found you guilty on all counts.
>
> The maximum sentences are the ones that were placed in front of the jury. If the Judge had given you a life imprisonment, it would have been different. As the sentences did not exceed the maximum, the Judge did not violate the principles of *Blakely*.
>
> Assuming that he did violate the penalties, we have already argued this. As you are aware, one of the issues was whether the Court erred in running consecutive sentences. Therefore, although I can cite *Blakely* to the Court, the necessity for brief under those circumstances does not exist.
>
> In summary, this is not a *Blakely* type issue. . . .

(*Id.*).

This advice by counsel was erroneous when viewed in hindsight in light the Ohio Supreme Court's decision a year and one-half later, on February 27, 2006, in *State v. Foster,* 845 N.E.2d 470 (Ohio), *cert. denied,* 127 S.Ct. 442 (2006). In *Foster*, the state supreme court ruled that, despite the fact that "[m]ost Ohio appellate courts have determined that *Blakely* is inapplicable" to Ohio's sentencing statutes, portions of the statutes had been "eviserated by *Blakely.*" *Id.* at 487-88. Specifically, the court found that "Ohio's sentencing statutes offend the constitutional principles announced in *Blakely* in four areas" mandating additional judicial fact-finding before the imposition of (1) more than the minimum term for those who have never served a prison term; (2) the maximum prison term; (3) consecutive prison terms; and (4) repeat-violent-offender and major-drug-offender penalty enhancements. *See id.* at 490-94. Noting that the "overriding goals of Ohio's sentencing scheme are to protect the public and punish the offender," and that the Ohio legislature "delegated the role of determining the applicability of sentencing factors to judges rather than to juries to meet these overriding goals," the court determined as in *Booker* that the proper remedy was to sever the *Blakely*-offending portions of the statutes and grant trial courts "full discretion to impose a prison sentence within the statutory range" without having to make findings or give reasons for imposing maximum, consecutive, or more than minimum sentences. *Id.* at 494-98.

Therefore, contrary to counsel's advice in the August 11, 2004 letter, a valid *Blakely* claim could have been asserted by petitioner on direct appeal to challenge the imposition of the maximum prison term on one of the felonious assault charges, as well

as the imposition of consecutive terms of imprisonment, under sentencing provisions requiring additional judicial fact-finding found in *Foster* to be "*Blakely*-offending." However, at the time counsel wrote his letter, *Blakely* was less than two months old and neither *Booker* nor *Foster* had been decided.

Indeed, the Ohio Supreme Court has pointed out that before *Foster,* most of Ohio's appellate courts determined, as petitioner's appellate counsel advised in his August 2004 letter, that *Blakely* did not apply to Ohio's sentencing statutes. *Foster,* 845 N.E.2d at 488. As the court explained in *Foster,* these courts upheld the constitutionality of Ohio's sentencing statutes by distinguishing Ohio's hybrid, "complicated felony-sentencing plan, both determinate and indeterminate in nature and containing aspects of presumptive sentencing," from the state sentencing "grid system" found to be unconstitutional in *Blakely*, "or emphasiz[ing] a sentencing court's inability to exceed a statutory range through fact-finding, or characteriz[ing] required findings as traditional sentencing factors, or read[ing] the 'prior convictions' exception to *Apprendi [v. New Jersey,* 530 U.S. 466 (2000),] broadly to uphold challenged sentences."[4] *Foster,* 845 N.E.2d at 487-88 (footnotes containing citations to Ohio appellate court cases omitted).

Ohio's First District Court of Appeals, which decided petitioner's appeal, was one of the few appellate courts to recognize pre-*Foster* the applicability of *Blakely* to some of the provisions contained in Ohio's sentencing statutes.[5] *See Foster,* 845 N.E.2d at 488

---

[4]In *Apprendi,* 530 U.S. at 490, an exception for prior criminal convictions was created, which was reaffirmed in *Blakely,* 542 U.S. at 301, when the Supreme Court held that "*[o]ther than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." (Emphasis added).

[5]Specifically, the court applied *Blakely* to maximum sentences based on the judicial finding that the defendant committed one of the worst forms of the offense and to sentences exceeding the minimum for a first prison term. *See State v. Banks,* Nos. C-040437, C-040503, 2005 WL 1414428, at *1 (Ohio Ct. App. 1 Dist. June 17, 2005) (unpublished), *appeal dismissed,* 836 N.E.2d 1229 (Ohio 2005). In pre-*Foster* cases, the court also refused to extend *Blakely* to consecutive sentences, *see State v. McIntosh,* 828 N.E.2d 138, 142 (Ohio Ct. App. 1 Dist. 2005), or to maximum sentences based on the judicial finding that the defendant posed the greatest likelihood of recidivism given his history of prior convictions, *see State v. Lowry,* 826 N.E.2d 340, 350-52 (Ohio Ct. App. 1 Dist. 2005); *State v. Montgomery,* 825 N.E.2d 250, 254 (Ohio Ct. App. 1 Dist. 2005) (prior conviction exception inapplicable to prior "juvenile-delinquency adjudications and confinement in juvenile detention facilities"), *rev'd in part on other grounds by In re Ohio Criminal Sentencing Statutes Cases,* 847 N.E.2d 1174, 1180 (Ohio 2006).

9

n.78 (citing *State v. Bruce,* 824 N.E.2d 609 (Ohio Ct. App. 1 Dist. 2005), and *State v. Montgomery,* 825 N.E.2d 250 (Ohio Ct. App. 1 Dist. 2005)).[6] However, even that state appellate court held in an initial series of cases decided immediately after *Blakely* and prior to *Booker* that "*Blakely* does not affect Ohio's sentencing schemes." *Montgomery,* 825 N.E.2d at 251-52 & n.5 (citing First District Court of Appeals cases decided in 2004). It was only after the Supreme Court's *Booker* decision came out in January 2005, after the Ohio Court of Appeals had affirmed petitioner's conviction and sentence on direct appeal, that the First District Court of Appeals "reevaluated our previous decisions and . . . determined that the Sixth Amendment does have a bearing on some of Ohio's sentencing statutes." *Id.* at 252.

This Court is obligated under *Strickland,* 466 U.S. at 488, to make every effort to eliminate the "distorting effects of hindsight" and to apply a "highly deferential" standard of review to counsel's conduct. Under this standard, petitioner has not met his burden of overcoming the "strong presumption" that his appellate counsel's conduct fell within the wide range of reasonable professional assistance based on all the circumstances surrounding the case. In other words, this Court cannot say that counsel's error in judgment regarding the applicability of a "new" Supreme Court decision, which came out over eight months after petitioner was sentenced on October 1, 2003 and less than five months before his appeal was decided by the Ohio Court of Appeals in November 2004, was objectively unreasonable when evaluated from counsel's perspective at the time the challenged conduct occurred.[7]

Accordingly, in sum, petitioner is not entitled to habeas relief based on the *Blakely* claim alleged in Ground Two of the petition, which is deemed waived due to petitioner's procedural default in failing to present it to the state courts for their consideration on direct appeal from his conviction and sentence. Petitioner has not demonstrated, as

---

[6]The Ohio Supreme Court later affirmed in part and reversed in part the *Bruce* and *Montgomery* appellate court decisions based on *Foster. See In re Ohio Criminal Sentencing Statutes Cases,* 847 N.E.2d 1174, 1180 (Ohio 2006).

[7]Although the Court has determined that petitioner has not demonstrated his counsel was ineffective under the first prong of the *Strickland* test, it is noted that it would be difficult to establish "prejudice" at this point in time under the second prong of that test, because if petitioner's sentence were vacated and the case were returned to the state courts for re-sentencing at this juncture, the sentencing court would have full discretion under *Foster* to impose the same consecutive sentences, which fell within the statutory range for felonious assaults, without having to make any findings or giving any reasons for doing so.

alleged in Ground Three, that his appellate counsel's failure to assert a *Blakely* claim on direct appeal amounted to ineffective assistance under the Sixth Amendment and thus constituted "cause" for his procedural default in the state courts. Therefore, petitioner also is not entitled to habeas relief based on appellate counsel's failure to raise a *Blakely* claim to the extent such claim is alleged as a separate ground for relief in Ground Three of the petition.

### B. Petitioner Has Waived His Remaining Ineffective Assistance Of Appellate Counsel Claims Alleged In Ground Three Due To His Procedural Default In The State Courts

In Ground Three of the petition, petitioner additionally alleges that his appellate counsel was ineffective in failing to properly support the sentencing-error claim that was presented as an assignment of error on direct appeal, and in failing to challenge his sentence "as disproportionate" under the Fourteenth Amendment's Equal Protection Clause. (Doc. 1, attachment).

It appears from the record that petitioner never raised these specific claims either in the state direct review proceedings or in his application for delayed reconsideration and reopening of his appeal. (*See* Doc. 3, Exs. F, H, K). Instead, as mentioned above, *see supra* pp. 2, 6, petitioner's ineffective assistance argument focused solely on appellate counsel's failure on direct appeal to challenge petitioner's sentence as unconstitutional under *Blakely*.

Petitioner committed a procedural default by thus failing to present the additional ineffective assistance of appellate counsel claims alleged in Ground Three to the state courts for their consideration. Because it appears that there no longer is an avenue available in the state courts to pursue these claims, the additional ineffective assistance of appellate counsel claims are waived absent a showing of cause and prejudice for petitioner's procedural default or that failure to consider the claims will result in a "fundamental miscarriage of justice." *See Coleman,* 501 U.S. at 750; *see also Murray,* 477 U.S. at 485; *Isaac,* 456 U.S. at 129; *Sykes,* 433 U.S. at 87. No such showing has been made in this case.

Accordingly, petitioner's remaining ineffective assistance of appellate counsel claims alleged in Ground Three of the petition are subject to dismissal with prejudice on the ground that petitioner has waived them due to his procedural default in the state

11

courts.

### C. Petitioner's Claims Alleged In Grounds Four And Five Challenging The Ohio Court Of Appeals' Denial Of His Reconsideration And Reopening Application, And The Ohio Supreme Court's Dismissal Of His Appeals, Are Not Cognizable

In Ground Four of the petition, petitioner alleges that he was deprived of his "right to present claims fairly in the State's appellate process" when the Ohio Court of Appeals denied his application for delayed reconsideration and reopening of the appeal. (Doc. 1, attachment). In Ground Five of the petition, petitioner contends that the Ohio Supreme Court also deprived him of his right "to present his claims fairly in the State's appellate process" when it dismissed his appeals "without consideration of the merits." (*Id.*). As respondent has argued in the return of writ (*see* Doc. 3, Brief, pp. 17-18), these allegations of error fail to give rise to a cognizable constitutional claim subject to review in this federal habeas proceeding.

A federal court may review a state prisoner's habeas petition only on the ground that the challenged confinement violates the Constitution, laws or treaties of the United States, and not "on the basis of a perceived error of state law." 28 U.S.C. § 2254(a); *Pulley v. Harris,* 465 U.S. 37, 41 (1984); *see also Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal court to reexamine state-court determinations on state-law questions"). Petitioner's claims, which stem from alleged errors on second-tier discretionary review by the Ohio Supreme Court, as well as from the Ohio Court of Appeals' refusal to consider petitioner's delayed application for reconsideration and reopening of the appeal, do not trigger concerns about a possible violation of petitioner's federal constitutional rights.

It is well-settled that an appellant challenging his state criminal conviction is entitled to federal due process protection, including the right to effective assistance of counsel, when the state provides for an appeal as of right or first-tier review by an intermediate court of appeals sitting in its error-correction capacity. *See, e.g., Halbert v. Michigan,* 545 U.S. 605, 616-23 (2005); *Evitts v. Lucey,* 469 U.S. 387, 392-93 (1985). These constitutional protections do not extend beyond the appellant's appeal as of right, however, to subsequent state discretionary appeals or collateral review. *See Coleman v. Thompson,* 501 U.S. 722, 755-57 (1991) (relying on *Ross v. Moffitt,* 417 U.S. 600, 616 (1974), and *Pennsylvania v. Finley,* 481 U.S. 551, 556 (1987)).

In Ohio, a criminal defendant's first appeal as of right is his direct appeal to the Ohio Court of Appeals, where he has the constitutional right to effective assistance of counsel in prosecuting that appeal. *See State v. Vaughn,* 241 N.E.2d 288 (Ohio Ct. App. 1968). Petitioner exercised his constitutional right to a first appeal as of right to the Ohio Court of Appeals in this case.

The right did not extend to further discretionary review by the Ohio Supreme Court of the Court of Appeals' direct appeal decision or the Court of Appeals' subsequent denial of petitioner's application for delayed reconsideration and reopening of the appeal.[8] The right also did not extend to the Ohio Court of Appeals' review of petitioner's delayed application for reconsideration and reopening of the appeal. In an en banc decision, the Sixth Circuit has decided that in accordance with Ohio's long-standing practice, Rule 26 applications, which fall "beyond the stage in the appellate process at which the claims have once been presented by a lawyer and passed upon by an appellate court," *Douglas v. California,* 372 U.S. 353, 356 (1963), are to be considered "part of the collateral, post-conviction process rather than direct review" and thus are not covered by the constitutional protections afforded a defendant during his direct appeal. *See, e.g., Lopez v. Wilson,* 426 F.3d 339, 344 n.3, 351-57 (6th Cir. 2005) (en banc) (and numerous state cases cited therein), *cert. denied,* 126 S.Ct. 1880 (2006); *Morgan v. Eads,* 818 N.E.2d 1157, 1160-61 (Ohio 2004) (and state cases cited therein).

Accordingly, the Court concludes that constitutional concerns were not triggered by the Ohio Supreme Court's dismissals of petitioner's discretionary appeals without opinion, or by the Ohio Court of Appeals' denial of petitioner's delayed application for reconsideration and reopening of the appeal based on petitioner's failure to comply with the time requirements for filing set forth in Ohio R. App. P. 26. Petitioner's allegations

---

[8]In Ohio's supreme court, there are several types of appeals which include "appeals of right" in capital cases and in cases that originated in the court of appeals; "claimed appeals of right" in cases where the appellant asserts the existence of a "substantial constitutional question;" and "discretionary appeals" in cases involving a felony or a question of public or great general interest. *See* Rule II, §1(A), Rules of Practice of the Supreme Court of Ohio. This non-capital case, which originated in the trial court, does not involve an appeal of right to the Ohio Supreme Court. Therefore, petitioner could invoke the state supreme court's appellate jurisdiction only as a "claimed appeal of right" or "discretionary appeal." The Rules of Practice of the Supreme Court of Ohio clearly provide that in such cases, the court has the discretion to determine whether or not to allow the appeal. *See* Rule II, §§ 1(A)(2) and 1(A)(3), and Rule III, § 6, Rules of Practice of the Supreme Court of Ohio.

do not give rise to cognizable grounds for relief in this federal habeas corpus proceeding.[9]

Moreover, with respect to petitioner's claim challenging the Ohio Court of Appeals' denial of his reconsideration and reopening application as untimely-filed, the writ of habeas corpus is not the proper means by which prisoners can challenge errors or deficiencies in state post-conviction proceedings which address collateral matters and not the underlying conviction giving rise to the prisoner's incarceration. *Kirby v. Dutton,* 794 F.2d 245, 247 (6th Cir. 1986). Petitioner's allegation of error is such a "collateral matter," because it does not affect or relate to petitioner's underlying conviction and sentence.

Accordingly, petitioner is not entitled to habeas relief based on the non-cognizable claims alleged in Grounds Four and Five of the petition challenging the Ohio Supreme Court's dismissals of his discretionary appeals without opinion, and the Ohio Court of Appeals' denial of his application for delayed reconsideration and reopening of the appeal on procedural timeliness grounds.

### D. Petitioner Is Not Entitled To Relief Based On The Ineffective Assistance Of Trial Counsel Claim Alleged In Ground One

In Ground One of the petition, petitioner alleges that his trial counsel was ineffective because he failed to object to the consecutive, non-minimum sentences that were imposed, despite the fact that petitioner was a "first-time-felony-offender." (Doc. 1, attachment).

---

[9]*Cf. Wainwright v. Torna*, 455 U.S. 586, 587-88 & n.4 (1982) (per curiam) (holding that petitioner was not denied due process by the state supreme court's dismissal of an untimely-filed application for discretionary review or by retained appellate counsel's failure to file a timely application for discretionary review with that court, because petitioner neither had an absolute right to appeal his conviction to the state supreme court nor a constitutionally-protected right to effective assistance of counsel in seeking discretionary review by the state supreme court); *Ross,* 417 U.S. at 610-19 (holding that the state was not constitutionally required to provide a criminal defendant with counsel on discretionary appeal to the state supreme court); *Lopez,* 426 F.3d at 351-57 (involving Ohio R. App. P. 26(B) reopening application); *see also Mapson v. Russell*, 869 F.2d 1491 (table), No. 88-3959, 1989 WL 16211, at **1 (6th Cir. Feb. 23, 1989) (unpublished) (affirming denial of petition alleging ineffective assistance of post-conviction appellate counsel as "not cognizable in federal habeas corpus").

14

As an initial matter, although respondent does not assert a waiver defense with respect to this ground for relief, it appears that petitioner never raised the ineffective assistance of trial counsel claim to the state courts either on direct appeal or in his application for delayed reconsideration and reopening of the appeal. Rather, petitioner only argued on direct appeal that the trial court erred in imposing consecutive sentences, because the incident involved "one assault, on one individual, at one time" and petitioner thus could not "be the subject of two felonious assaults for sentencing." (Doc. 3, Ex. C, p. 6).[10] Moreover, petitioner only claimed on further appeal to the Ohio Supreme Court and in the Rule 26 proceedings that his appellate counsel was ineffective in failing to challenge the sentence as unconstitutional under *Blakely*. (*See id.,* Exs. F, H). Nevertheless, because respondent has not argued that petitioner procedurally defaulted the ineffective assistance of trial counsel claim alleged Ground One of the petition, the Court will proceed to consider the merits of such claim.

As discussed above, *see supra* p. 7, to establish a Sixth Amendment violation, petitioner must demonstrate under the two-part *Strickland* standard both that the alleged error by trial counsel fell outside the wide range of reasonable professional assistance at the time such error occurred, and that counsel's error "prejudiced" the defense by undermining the reliability of the trial result. *See Strickland,* 466 U.S. at 687-88. No such showing has been made here.

In this case, it is clear upon review of the sentencing hearing that the trial court imposed the non-minimum, consecutive sentences after making the requisite statutory findings and giving its reasons supporting those statutory findings. Specifically, the court determined under Ohio Rev. Code § 2929.14(B) that in light of the fact that the victim had "suffered serious physical injuries," petitioner had shown "no remorse," and petitioner had a "considerable juvenile record," which included commitments to the Department of Youth Services [DYS] and a "history of unsuccessful probation in the juvenile court, . . . the shortest prison term would demean the seriousness of [petitioner's] conduct, and . . . would not adequately protect the public." (Doc. 7, Tr. 353-54). The court also found under Ohio Rev. Code § 2929.14(C) that the "longest prison term"

---

[10]The Ohio Court of Appeals rejected this claim of error on direct appeal in part because, contrary to petitioner's contention, the charged offenses were not "allied offenses of similar import" under Ohio Rev. Code § 2941.25, and did not involve only one assault on the victim by petitioner. (Doc. 3, Ex. E, pp. 4-5). The court explained: "[W]hile [petitioner] initially punched the victim in the face, a melee erupted during which the victim was shot multiple times by members of the group that included [petitioner], who had waited for the victim's arrival." (*Id.,* p. 5).

imposed on one of the felonious assault counts "is appropriate in this case because this defendant poses the greatest likelihood to commit future crimes based on his prior record and the nature of the offense," wherein the victim "was shot four times." (*Id.,* Tr. 353-55). Finally, the court found under Ohio Rev. Code §2929.14(E) that "a consecutive sentence is necessary to protect the public and to adequately punish the offender. And consecutive sentences are not disproportionate to the offender's conduct and to the public danger imposed by this offender." (*Id.,* Tr. 355). The court further emphasized before imposing the consecutive, non-minimum sentences totaling fourteen (14) years:

> The Court also finds that this offender was under community control. That he was under parole based on his DYS commitment.
>
> And that the physical harm in this case with you [is] so significant that a single prison term is not adequate to reflect the seriousness of this offender's conduct.
>
> And the Court finds that this offender's criminal history shows that there's a serious need to protect the public from him and his activities which he calls a simple assault.
>
> The facts in this case showed that this offender participated in arranging a gang style, premeditated assault of the victim here who suffered serious physical harm. . . .

(*Id.,* Tr. 355-56).

Petitioner was sentenced within the statutory range for the felonious assault offenses. Moreover, he was sentenced on October 1, 2003, months before even *Blakely* was decided. Because the record reflects that the trial court complied with the requirements set forth in the applicable sentencing statutes before sentencing petitioner to consecutive, non-minimum terms of imprisonment, petitioner is unable to demonstrate under the first prong of the *Strickland* test that defense counsel's challenged conduct fell below an objective standard of reasonableness based on all the circumstances surrounding the case. *See Strickland,* 466 U.S. at 688.

Accordingly, the Court concludes that petitioner is not entitled to habeas corpus relief based on his claim alleged in Ground One of the petition that his trial counsel was ineffective in failing to object to the aggregate fourteen-year prison sentence that was

imposed upon his conviction after a jury trial on two counts of felonious assault.

### IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be DENIED with prejudice.

2. A certificate of appealability should not issue with respect to petitioner's ineffective assistance of appellate counsel claims alleged in Ground Three of the petition, which this Court has concluded are barred from review on procedural waiver grounds, because "jurists of reason would not find it debatable as to whether this Court is correct in its procedural ruling" under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000).[11] Moreover, a certificate of appealability should not issue with respect to the claims alleged in Grounds Four and Five of the petition, which do not trigger constitutional concerns and thus fail to state a "viable claim of the denial of a constitutional right" and are not "adequate to deserve encouragement to proceed further." *See Slack,* 529 U.S. at 475 (citing *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983)); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

However, a certificate of appealability should issue with respect to the procedurally-defaulted *Blakely* claim alleged in Ground Two of the petition, as well as the non-defaulted ineffective assistance of appellate counsel claim alleged in Ground Three of the petition as "cause" for petitioner's default of his *Blakely* claim, because under the two-part *Slack* standard, "jurists of reason" would find it debatable whether the Court is correct in its procedural ruling and whether petitioner has stated a viable constitutional claim in Ground Two of the petition. *See Slack,* 529 U.S. at 484-85. Moreover, petitioner's non-defaulted ineffective assistance of appellate counsel claim alleged in Ground Three of the petition, which was addressed on the merits herein, is a "viable claim of the denial of a constitutional right" or is "adequate to deserve encouragement to proceed further." *Slack,* 529 U.S. at 475; *Barefoot,* 463 U.S. at 893 & n.4; *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

---

[11]Because this Court finds that the first prong of the *Slack* standard has not been met, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in his waived claims for relief. *See Slack,* 529 U.S. at 484.

      3.  With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would be taken in "good faith," and therefore GRANT petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date:  5/4/2007          s/Timothy S. Hogan
  cbc              Timothy S. Hogan
                United States Magistrate Judge

J:\BRYANCC\2007 habeas orders\05-817denypet.waiv-blakelybooker-iaac.sentence.non-cog.wpd

**UNITED STATES DISTRICT COURT**
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Tyrone Browner,
    Petitioner,

           v.

Jeffrey Wolfe,
    Respondent.

Case No. 1:05cv817
(Spiegel, S.J.; Hogan, M.J.)

## NOTICE

    Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled habeas corpus action. Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1 and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X | ☐ Agent<br>☐ Addressee |
| | B. Received by (Printed Name) | C. Date of-Delivery |
| 1. Article Addressed to:<br><br>Tyrone Browner A457-474<br>Noble Corr. Inst.<br>15708 McConnelsville Rd.<br>Caldwell, OH 43724 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No | |
| | 3. Service Type<br>☑ Certified Mail  ☐ Express Mail<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D. | |
| | 4. Restricted Delivery? (Extra Fee)  ☐ Yes | |
| 2. Article Number<br>(Transfer from service label) | 7002 0860 0000 1409 5833 | |
| PS Form 3811, August 2001 | Domestic Return Receipt | 102595-01-M-2509 |

1:05cv817 Doc.8