```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

TYRONE BROWNER,               :
                              :   NO. 1:05-CV-00817
      Petitioner,            :
                              :
  v.                          :
                              :   **OPINION AND ORDER**
                              :
JEFFREY WOLFE,                :
                              :
      Respondent.            :


This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 8) and Petitioner's Objection (doc. 9). For the reasons indicated herein, the Court ADOPTS the Magistrate Judge's Report and Recommendation in its entirety.

**I.   Background**

A jury in the Hamilton County Court of Common Pleas found Petitioner guilty of two counts of felonious assault in violation of Ohio Rev. Code § 2903.11(A) (doc. 8). On October 1, 2003, the court sentenced Petitioner to consecutive terms of eight years and six years for the felonious assault offenses, for a total of fourteen years(Id.).

Petitioner appealed, with the assistance of counsel, asserting two assignments of error regarding the weight of the evidence and imposition of consecutive sentences where the underlying offense "was one assault, on one individual, at one time" (Id.). The Ohio Court of Appeals overruled Petitioner's

assignments of error on November 17, 2004, affirming the judgment and Petitioner's conviction (Id.).

Petitioner, acting pro se, sought leave to appeal to the Ohio Supreme Court alleging: (1) ineffective assistance of counsel because his appellate attorney failed to raise an assignment of error regarding the constitutionality of his sentence under Blakely v. Washington, 542 U.S. 296 (2004); and (2) there was insufficient evidence to support the felonious assault convictions (Id.). On March 23, 2005, the Ohio Supreme Court denied Petitioner's leave to appeal and also dismissed the appeal, "as not involving any substantial constitutional question" (Id.).

Prior to the Ohio Supreme Court's ruling, Petitioner, again acting pro se, filed an application with the First District Court of Appeals, pursuant to Ohio R. App. P. 26, for reconsideration and delayed reopening of the appeal (doc. 8). Petitioner's application alleged ineffective assistance of counsel in his initial appeal, because his counsel failed to bring up Blakely in order to challenge the sentence (Id.). The First District Court of Appeals denied Petitioner's Rule 26 application, as Petitioner had failed to file the application within the required statutory time period (Id.). The appellate court also found that Petitioner failed to show "good cause" for his delay in filing – based upon his arguments that he had limited access to resources because of his incarceration, and that he did not

-2-

recognize his <u>Blakely</u> claim until he began his Ohio Supreme Court appeal – nor did Petitioner "demonstrate extraordinary circumstances that would warrant an enlargement of that time" under Ohio R. App. P. 14(B) (<u>Id</u>.). Petitioner appealed the appellate court's decision to the Ohio Supreme Court, but it was dismissed, "as not involving any substantial constitutional question" (<u>Id</u>.).

Petitioner filed his habeas petition on December 19, 2005, alleging five grounds for relief: (1) ineffective assistance of trial counsel for the failure to object to length of the sentence for a first-time offender, and the consecutive rather than concurrent sentence imposed by the trial court; (2) the unconstitutionality of his sentence pursuant to <u>Blakely</u> and <u>United States v. Booker</u>, 543 U.S. 220 (2005); (3) ineffective assistance of appellate counsel for failing to cite to the correct statute and case law in the second assignment of error, failing to raise an Equal Protection argument, and failing to raise a <u>Blakely</u> argument; (4) the deprivation of his constitutional right of an appeal where his application for reconsideration and delayed reopening of the appeal was denied by the court of appeals; and (5) the deprivation of his right to appeal where his appeals were dismissed by the Ohio Supreme Court "without any consideration of the merits" (doc. 1).

Respondent filed a return of writ conceding Petitioner's habeas petition was timely filed, but arguing that the habeas petition should be dismissed (doc. 8). Respondent argues

Petitioner's first ground for relief is not cognizable in a federal habeas proceeding as it is based on an error of state law, and the claim lacks merit (Id.).  Respondent asserts Petitioner waived his second and third grounds for relief based on procedural defaults in the state courts (Id.).  In the alternative Respondent also contends that Petitioner's Blakely claim lacks merit (Id.).  Finally, Respondent argues Petitioner has failed to allege cognizable claims in both his fourth and fifth grounds for relief (Id.).

**II.     The Magistrate Judge's Report and Recommendation**

In his Report and Recommendation, the Magistrate Judge thoroughly reviewed the relevant factual background and applicable law, and concluded Petitioner's writ of habeas corpus petition should be denied with prejudice (doc. 8).  The Magistrate Judge noted that Petitioner failed to assert his first claim for relief, for ineffective assistance of trial counsel, on either direct appeal or within his application for reconsideration and delayed reopening of the appeal (Id.).  However, because Respondent failed to argue that Petitioner's first claim of relief was procedurally in default, the Magistrate Judge chose to consider the merits of Petitioner's claim (Id.).

The Magistrate Judge reported that in order to establish a claim of ineffective counsel under the Sixth Amendment, Petitioner must show, pursuant to the two-part test established in

-4-

Strickland v. Washington, 466 U.S. 668, 687 (1984), that (1) his attorney was not functioning as "counsel" under the Sixth Amendment's guarantee; and (2) his attorney's performance was so deficient so as to prejudice the defense (Id.). The first prong of Strickland requires Petitioner to show that his counsel's representation fell below an objective standard of reasonableness based on all the circumstances surrounding the case (Id.). Counsel's conduct must be observed from "counsel's perspective at the time of the conduct," however the Court must apply a strong presumption that a counsel's representation was reasonable (Id.). For the second prong of Strickland to be satisfied, Petitioner must establish there is a "reasonable probability" that the result at trial would have been different had his counsel not committed the errors (Id. quoting Strickland at 694). In order to succeed in an ineffective assistance of counsel claim, Petitioner must satisfy both prongs of Strickland (Id.).

In this case, the Magistrate Judge found Petitioner failed to demonstrate that his trial counsel's conduct was objectively unreasonable based on the totality of circumstances so as to constitute ineffective assistance (Id.). The Magistrate Judge noted that Petitioner was sentenced within the statutory range for felonious assault (Id.). The Magistrate Judge noted that in imposing non-minimum consecutive sentences the trial court took into account that Petitioner participated in arranging a gang-style

assault of the victim, who was shot four times (Id.). The trial court further found the victim has sustained serious injuries; the Petitioner showed no remorse and had an extensive juvenile record; and a minimum sentence would not reflect the serious nature of the crime nor would it protect the public from the likelihood of future crimes Petitioner might commit (Id.). Finally the Magistrate Judge noted that Petitioner's sentencing occurred months before Blakely was decided (Id.). For all of these reasons, the Magistrate Judge concluded Petitioner is not entitled to habeas relief based on his claim alleged in the first ground of his Petition(Id.).

As for the second ground for relief in the Petition, the Magistrate Judge found Petitioner failed to present his Blakely or Booker claims and thus committed a procedural default by not presenting them to the state courts on direct review (Id. citing 28 U.S.C. § 2254(b)(1), and O'Sullivan v. Boerckel, 526 U.S. 838,845,848 (1999)(a state defendant with federal constitutional claims must fairly present those claims in the state court system, including the state's highest court before bringing those claims in a federal habeas corpus proceeding )). Petitioner waives his Blakely and Booker claims unless Petitioner can demonstrate cause and "actual prejudice" or that the Court's failure to consider the claim would result in a fundamental miscarriage of justice (Id. citing Coleman v. Thompson, 501 U.S. 722, 750 (1991)). The Magistrate Judge found, however, that Petitioner has failed to

demonstrate cause and prejudice or a fundamental miscarriage of justice and thus has waived his claims alleged in ground two (Id.).

With regards to Petitioner's third claim of relief – ineffective assistance of appellate counsel for failure to assert a Blakely claim on appeal, the Magistrate Judge found Petitioner failed to demonstrate such failure amounted to ineffective assistance of counsel constituting cause for his procedural default (Id.). Although the Magistrate Judge noted record evidence showing Petitioner received erroneous advice from his counsel regarding Blakely, the Magistrate Judge could not say that such error in judgment, at the time such challenged conduct occurred, was objectively unreasonable (Id. citing Strickland, 466 U.S. at 488 (advising the elimination of the "distorting effects of hindsight")).

The Magistrate Judge next addressed the additional allegations in Petitioner's third ground of the Petition that his appellate counsel was ineffective for failing to raise a Fourteenth Amendment Equal Protection challenge to his sentence; and for failing to adequately argue the Petitioner's sentencing error claim (Id.). The Magistrate Judge reported that neither claim was raised by Petitioner on direct appeal or in his application for reconsideration and delayed reopening of the appeal, thus creating a procedural default (Id.). The Magistrate Judge reported, therefore, that Petitioner waived his claims absent a demonstration

-7-

that cause and prejudice or a "fundamental miscarriage of justice" would occur by a failure of a court to consider the claims (Id.). The Magistrate Judge concluded Petitioner waived his remaining ineffective assistance of appellate counsel claims alleged in ground three due to his procedural default in the state courts (Id.).

Finally the Magistrate Judge found that Petitioner's fourth and fifth grounds for relief, challenging the Ohio Court of Appeals' denial of his Reconsideration and Reopening Application, and the Ohio Supreme Court's Dismissal of his Appeals, are not cognizable in a federal habeas corpus court(Id.). The Magistrate Judge reported that a federal court will only review a state prisoner's habeas petition where, "the challenged confinement violates the Constitution, law or treaties of the United States and not 'on the basis of a perceived error of state law'" (Id. citing 28 U.S.C. § 2254(a); Pulley v. Harris, 465 U.S. 37,41 (1984). The Magistrate Judge concluded Petitioner's constitutional rights were not infringed upon by the appellate court's refusal to consider Petitioner's application for reconsideration and delayed reopening of the appeal; or errors Petitioner alleges from the Ohio Supreme Court's secondary discretionary review (Id).

After his review of each ground of the Petition, the Magistrate Judge recommended that the Court deny Petitioner's Petition for a Writ of Habeas Corpus (Id.). In addition, the

-8-

Magistrate Judge recommended that a certificate of appealability should issue with respect to the procedurally-defaulted Blakely claim in ground two of the Petition, as well as the non-defaulted ineffective assistance of appellate counsel claim alleged in ground three of the Petition, because jurists of reason would find it debatable whether the court is correct in its procedural ruling (Id. citing Slack v. McDaniel, 529 U.S. 473, 484-85). However, the Magistrate Judge further recommended the Court decline to issue a certificate of appealability with respect to Petitioner's ineffective assistance of counsel claims that are barred from review on procedural waiver grounds, nor with respect to the claims alleged in grounds four and five of the petition, which do not trigger constitutional concerns (Id.).  Finally, the Magistrate Judge recommended that the Court certify that an appeal of any Order adopting his Report and Recommendation be taken in good faith, and therefore grant Petitioner leave to appeal in forma pauperis upon a showing of financial necessity (Id.).

**III.    Petitioner's Objections**

Petitioner offers nothing but conclusory objections the Magistrate Judge's recommendation as to grounds one, four, and five of the Petition.  Petitioner objects to the Magistrate Judge's findings without offering any explanation why the Court should reject such findings and grant him a Writ of Habeas Corpus.

With regard to his second and third grounds for relief, Petitioner argues the Ohio Supreme Court "determined <u>Blakely</u> claims" on direct appeal (doc. 9). Petitioner cites to <u>State of Ohio v. Buchanan</u>, 2006 WL 3059911 (Ohio App. 7 Dist. Oct. 26, 2006) for the proposition that <u>Blakely</u> claims can be raised for the first time to the Ohio Supreme Court when they are not raised in the appellate courts (<u>Id</u>.). Petitioner then claims his appellate counsel was ineffective for failing to raise <u>Blakely</u> claims on appeal especially since Petitioner, himself, specifically requested they be raised (<u>Id</u>.). Petitioner contends that had his counsel raised <u>Blakely</u> on appeal, then he would not now be in his current position (<u>Id</u>.). Petitioner notes that Ohio's failure to interpret <u>Blakely</u> and its progeny in a more timely fashion should not have "any effect on [P]etitioner's constitutional rights" and to deny him relief would be tantamount to a "fundamental miscarriage of justice" (<u>Id</u>.). Apparently referring to <u>Buchanan</u>, Petitioner argues there was no procedural default. (<u>Id</u>.). Finally, Petitioner attempts to invoke the doctrine of collateral estoppel, arguing that on remand his <u>Blakely</u> claims would be a collateral attack rather than a direct appeal, so that "there is no legal indication he would be given the same sentence" (<u>Id</u>.).

**IV.   Discussion**

Having reviewed this matter, the Court finds the Magistrate Judge's Report and Recommendation thorough, thoughtful,

well-reasoned and correct.  The Court does not find Petitioner's objections well-taken as to grounds one, four, and five, as such objections are completely unsupported.  Despite Petitioner's failure to raise his first claim for relief on appeal, the Magistrate Judge examined Petitioner's ineffective assistance of counsel claim.  The Magistrate Judge correctly determined that Petitioner failed to prove his counsel ineffective under the two-part Strickland test; and Petitioner also failed to overcome the presumption that his counsel's actions and decisions fell within reasonable professional standards.  The Magistrate Judge further made well-reasoned findings that neither 1) the denial of Petitioner's discretionary appeal to the Ohio Supreme Court, nor 2) the denial of Petitioner's untimely application for reconsideration and delayed reopening of the appeal, triggered any constitutional protections.  Therefore, Petitioner's fourth and fifth grounds are not cognizable claims in a habeas proceeding.

       Petitioner's argument against the Magistrate's findings as to Petitioner's second claim for relief is without merit.  Despite Petitioner's assertion that the Ohio Supreme Court has heard some cases where Blakely claims were raised for the first time, Petitioner failed to note that unlike his own case, Buchanan and the case law it relied upon, were all proceedings in which defendants were sentenced after Blakely was decided (2006 WL 3059911 **1,7).  As the Magistrate Judge noted, a failure to raise

a claim on direct appeal through the state courts subjects the claim to waiver and dismissal absent a showing of procedural default and actual prejudice . . . or that there will be a fundamental miscarriage of justice (See, Coleman 501 U.S. at 750). Petitioner fails to make either showing.

Petitioner further fails to make a showing of ineffective assistance of counsel, claimed in his third ground for relief, per the requirements of Strickland.  Petitioner fails to overcome the presumption that his appellate counsel acted within the scope of his profession.  While the Magistrate Judge noted that in retrospect, appellate counsel erred, the Court agrees with the Magistrate Judge's reliance on Strickland for the proposition that an attorney's actions can only be viewed in relation to what he knew at the time when he made the decision.  The Court agrees that Petitioner's counsel's conduct did not fall outside the wide range of reasonable professional assistance based on all the circumstances surrounding the case.  Strickland, 466 U.S. at 488.

The Parties were served with the Report and Recommendation and were therefore afforded proper notice of the Magistrate Judge's Report and Recommendation required by 28 U.S.C. § 636(b)(1)(C), including, that failure to file timely objections to the Report and Recommendation would result in a waiver of further appeal.  See United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  Petitioner filed an objection thereto within the

ten days provided for by Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1)(C).

Having reviewed this matter de novo pursuant to 28 U.S.C. §636(b), the Court ADOPTS the Magistrate Judge's Report and Recommendation in its entirety (doc. 8), and thereby AFFIRMS the decision of the Magistrate Judge.  The Court therefore DENIES with prejudice Petitioner's petition for a writ of habeas pursuant to 28 U.S.C. § 2254 (doc. 1).  The Court further DECLINES to issue a certificate of appealability with respect to Petitioner's ineffective assistance of appellate counsel claims alleged in ground three of the Petition, which the Court has concluded are barred from review on procedural waiver grounds as "jurists of reason would not find it debatable as to whether this Court is correct on its procedural ruling," under the applicable two-part standard enunciated in Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).  In addition, a certificate of appealability shall not be issued with respect to the claims alleged in grounds four and five of the Petition, which do not trigger constitutional concerns and thus fail to state a "viable claim of the denial of a constitutional right."  Slack, 529 U.S. at 475.

However, the Court FINDS that a certificate of appealability should issue with respect to the procedurally-defaulted Blakely claim alleged in ground two of the Petition, as well as the non-defaulted ineffective assistance of appellate

-13-

counsel claim alleged in ground three of the Petition as "cause" for Petitioner's default of his Blakely claim, because under the two-part Slack standard, "jurists of reason" would find it debatable whether the Court is correct in its procedural ruling and whether Petitioner has stated a viable constitutional claim in ground two of the Petition.  Moreover, Petitioner's non-defaulted ineffective assistance of appellate counsel claim alleged in Ground Three of the Petition, is a "viable claim of the denial of a constitutional right" or is "adequate to deserve encouragement to proceed further."  Slack, 529 U.S. at 475.

Finally, with respect to any application by Petitioner to proceed on appeal in forma pauperis, the Court CERTIFIES pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would be taken in "good faith," and so the Court GRANTS Petitioner leave to appeal in forma pauperis upon a showing of financial necessity. Fed. R. App. P. 24(a), Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997).

SO ORDERED.


Dated: April 29. 2008           /s/ S. Arthur Spiegel
                                S. Arthur Spiegel
                                United States Senior District Judge